# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

DELBERT JAMES H.,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

Case No. 18-CV-377-JFJ

## OPINION AND ORDER

Plaintiff Delbert James H. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), and 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

For reasons explained below, the Court reverses the Commissioner's decision denying benefits and remands for further proceedings. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.  Standard of Review

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotations omitted). The Court must "meticulously

examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1261 (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Procedural History and the ALJ's Decision

Plaintiff, then a 45-year-old male, protectively applied for Title II benefits on February 24, 2015, alleging a disability onset date of March 19, 2013. R. 212-217. Plaintiff claimed that he was unable to work due to disorders including post-traumatic stress disorder (PTSD), bilateral hearing loss, tinnitus, desiccation in lumbar spine, degenerative joint disease, high blood pressure, muscle spasms, migraines, and patellofemoral syndrome (knee pain). R. 236. Plaintiff's claim for benefits was denied initially on June 10, 2015, and on reconsideration on August 21, 2015. R. 105-109; 111-113. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").

The ALJ conducted a hearing via video conference on April 17, 2017.[1] R. 50-77. Plaintiff testified at length about problems resulting from his service-related PTSD during this hearing. For example, Plaintiff discussed nightmares and flashbacks of events he experienced during active deployment in Iraq, Mosul, Kabul, and Afghanistan; avoidance of public areas; and excessive hypervigilance which interferes with his daily activities and sleep. R. 56-60. Plaintiff testified

---

[1] Plaintiff attended a previous video conference hearing on December 9, 2016, but the ALJ terminated that hearing due to continued technical problems. *See* R. 37-49. The April 17, 2017 hearing represents a full and complete hearing.

2

that sleep issues and his medications combine to contribute to his problems with attention and concentration. R. 59.

The ALJ posed one hypothetical to the vocational expert ("VE") based on "the state agency assessment found in 4A," which was ultimately adopted as Plaintiff's RFC. R. 73-74. The VE testified that Plaintiff could not return to any of his past relevant work, but other light work existed in the national economy that he could perform. R. 75. The ALJ then asked the VE "if we had an individual who couldn't complete an eight-hour day, five days a week, we'd have an individual who couldn't work, right?" *Id.* The VE testified that such an individual would be unable to sustain employment. *Id.*

On July 19, 2017, the ALJ issued a decision denying benefits and finding Plaintiff not disabled because he was able to perform other work that existed in significant numbers in the national economy. R. 15-32. In that decision, the ALJ found that Plaintiff suffered the severe impairments of history of back pain, left hip and left shoulder pain, obesity, and post-traumatic stress disorder (PTSD). R. 21. Plaintiff's medically determinable, non-severe impairments, all of which caused no more than minimal limitations, were hearing loss, hypertension, high cholesterol, headaches, medication side effects, and dyspnea. *Id.* The ALJ found that none of Plaintiff's impairments met or equaled a listing, and he found that Plaintiff retained the RFC to perform light work as defined in 20 CFR 404.1567(b) except:

> The [claimant] can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can sit for 6 hours out of an 8-hour workday. The claimant can stand/walk for 6 hours out of an 8-hour workday. The claimant should avoid concentrated exposure to such things as fumes or dust. *He is limited to simple repetitive tasks, no public contact, and superficial contact with coworkers and supervisors.*

R. 23 (emphasis added).

In making this RFC determination, the ALJ gave "little weight" to the DDS doctors' non-severe physical limitations at Exhibits 2A and 4A and gave "some weight" to the DDS psychological consultant's mental assessments at Exhibits 2A and 4A, because records submitted at the hearing level "showed greater impairment." R. 30. The ALJ afforded the May 5, 2015, opinion of consultative examiner Brian Snider, Ph.D. "great weight." R. 25-26, 29. Specifically discussing Plaintiff's mental health impairments, the ALJ noted that Dr. Snider opined that Plaintiff "would probably have little difficulty understanding and carrying out simple instructions, *mild-moderate difficulty concentrating and persisting through a normal workday* due to his psychiatric symptoms, and his *ability to maintain a normal workday and work week* without interruptions from his psychiatric symptoms was likely mildly-moderately impaired." R. 29 (emphasis added).[2] The ALJ then stated, without further explanation, that a mental limitation to "simple repetitive task, no public contact, and superficial contact with coworkers and supervisors would be appropriate." R. 29. The Appeals Council denied review, and Plaintiff appealed that decision to this Court. R. 1-5; ECF No. 2.

### III. Issues

On appeal, Plaintiff alleges the ALJ committed two errors in assessing Plaintiff's RFC: (1) the ALJ's RFC failed to include all the limitations he found credible; and (2) the ALJ failed to properly assess Plaintiff's dependence on a cane. ECF No. 19 at 11. For the reasons explained

---

[2] The ALJ's discussion accurately describes Dr Snider's opinion, which provides: "[Plaintiff] would probably have mild-moderate difficulty with complex and detailed instructions. He is likely to have mild-moderate difficulty concentrating and persisting through a normal workday due to his psychiatric symptoms. His ability to maintain a normal workday and work week without interruptions from his psychiatric symptoms is likely mildly-moderately impaired. In all likelihood, he would have marked difficulty responding appropriately to coworkers, supervisors, and the public." R. 448.

4

below, the Court reverses the decision based on the first allegation of error and does not reach the second.

## IV. Analysis - ALJ Erred in Treatment of Dr. Snider's Opinion

An ALJ may adopt parts of a medical opinion while rejecting other parts of the same opinion, but the ALJ must adequately explain his reasons for doing so. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (reversing because ALJ failed to explain why he rejected certain restrictions in medical opinion while adopting others). In addition, the reasons given must be legitimate and supported by substantial evidence. *See Laury v. Berryhill*, No. CV 16-2758-JWL, 2017 WL 4843293, at *12 (D. Kan. Oct. 26, 2017) (addressing whether ALJ explained his reasoning for differing treatment of portions of same medical opinion and whether those reasons were legitimate and supported by record evidence). *See generally Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (ALJ must "provide specific, legitimate reasons for rejecting" medical opinion).

In this case, the ALJ gave Dr. Snider's opinion "great weight" and appeared to accept Dr. Snider's opinions that: "(1) Plaintiff would have "mild-moderate difficulty concentrating and persisting through a normal workday due to his psychiatric symptoms"; and (2) Plaintiff's "ability to maintain a normal workday and work week without interruptions from his psychiatric symptoms was likely mildly-moderately impaired." R. 29 (ALJ's discussion of mental health impairments as found by Dr. Snider). The ALJ did not take issue with or reject these limitations in the text of the decision. However, the RFC itself does not contain any limitations related to concentration and persistence through a normal workday, or the ability to maintain a normal workday and workweek without interruptions of psychological symptoms. Instead, the ALJ effectively adopted the agency doctors' mental health limitations found at Exhibit 4A, which he gave only "some weight." The agency opinions at Exhibit 4A are almost identical to the adopted language of the

5

RFC, and they formed the basis for the only hypothetical presented to the VE. *See* R. 97-99; R. 23.

The ALJ's decision does not provide any explanation for excluding limitations found by Dr. Snider from the RFC, and instead following the agency doctors' opinions in determining the RFC. This constitutes legal error in the treatment of Dr. Snider's opinion. *See Benavidez v. Colvin*, 650 F. App'x 619, 622 (10th Cir. 2016) (finding ALJ committed error by, without explanation, ignoring opinion that plaintiff would have "difficulty maintaining a regular work schedule, focusing and concentrating on work, and relating to supervisors" despite otherwise affording that opinion great weight). For the same reasons explained in *Benavidez*, this case must be remanded for the ALJ to properly analyze Dr. Snider's opinion.[3]

The Commissioner argues that Plaintiff misconstrues Dr. Snider's opinion, and that the ALJ did not err because the RFC limitation to unskilled work accounts for all of Dr. Snider's opinions. ECF No. 21 at 12-13. However, this ignores the crux of Plaintiff's argument and the entirety of Dr. Snider's opinion. Limiting Plaintiff to simple, unskilled work does not properly explain and/or account for a mild to moderate impairment in his ability to maintain a normal workday and work week without interruptions from his psychiatric symptoms, or a mild to moderate difficulty concentrating and persisting through a normal workday due to his psychiatric symptoms. Therefore, the Court rejects Commissioner's argument.

The Court further finds that this error was not harmless. Harmless error doctrine applies only in the "exceptional circumstance" where the court could confidently say that no reasonable administrative factfinder could have resolved the factual matter in any other way. *Allen v.*

---

[3] In *Benavidez*, the court adopted the opinions of two other agency doctors whom the ALJ also afforded great weight. Here, the ALJ's failure to explain is even more problematic. The opinions forming the basis of the RFC were afforded only some weight, in comparison to Dr. Snider's opinion containing more restrictive limitations, which was given great weight.

*Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). In this case, the VE testified that someone unable to maintain an eight-hour workday and five-day workweek would be unable to sustain any competitive work. Therefore, this error was not harmless and impacted the outcome of Plaintiff's case.

**V.    Conclusion**

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 12th day of September, 2019.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**